UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN VAN ARSDOL,<br><br>      Plaintiff,<br><br>  -against-<br><br>ANDRE CHARLES,<br><br>      Defendant. | 25-CV-5366 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Florida and is proceeding *pro se*, submitted by email a motion for a preliminary injunction and temporary restraining order. The Clerk of Court opened the motion as a new civil action and assigned the docket number listed above. By order dated June 30, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court directs Plaintiff to (1) provide a current address at which Defendant may be served; and (2) file a complaint in this action.

**A.**  **Service address for Defendant**

  In his motion, Plaintiff seeks preliminary injunctive relief against Defendant Andre Charles, alleging that Defendant infringed Plaintiff's copyright and engaged in harassing and threatening behavior directed toward Plaintiff. Plaintiff alleges that Defendant resides in New York City, but he does not provide a residential address for Defendant or an address at which Defendant may be served. While the court will assist a plaintiff proceeding IFP with effecting

---

[1] By order dated June 27, 2025, the Court directed Plaintiff to either pay the $405.00 in fees required to bring a civil action in this court or file an IFP application. Plaintiff filed an IFP application on the same day that the order was issued.

service on a defendant, "[i]t is the responsibility of the plaintiff . . . to provide a current address at which service may be effected on each defendant." *Lewis v. Maldonado*, No. 3:14-CV-0437 (MPS), 2015 WL 2016174, at *1 (D. Conn. May 1, 2015); *see Hunter v. Hill*, No. 04-CV-0920-SC, 2009 WL 483154, at *2 (W.D.N.Y. Feb. 25, 2009) ("[I]t is not the responsibility of the [Court] . . . to provide plaintiffs with the names and addresses of the defendants which they sue."). The Court therefore directs Plaintiff, within 30 days, to provide the Court with the current address at which Defendant may be served. If Plaintiff is unable to comply within the prescribed time, he should file a motion seeking an extension of time.

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with locating a service address for Defendant. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

**B.      Complaint**

Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. While Plaintiff has filed a motion for

preliminary injunctive relief and a supporting declaration, he has not filed a complaint. The Court therefore directs Plaintiff to file a complaint in this action within 30 days of the date of this order.

C.     **Proceeding under seal**

In his motion, Plaintiff suggests that he may be seeking to proceed with this action under seal. (*See* ECF 1, at 1.) Plaintiff, however, has not filed a motion to proceed under seal. If Plaintiff wishes to proceed under seal, he must file a motion making such a request and alleging facts demonstrating that his interests in proceeding under outweigh the public's right to access court documents under the First Amendment and the common law. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). Plaintiff should also clearly mark on his motion and his complaint that he is seeking to proceed under seal.

In light of Plaintiff's potential privacy concerns, notwithstanding the fact that Plaintiff did not file his case under seal and has not filed a motion to proceed under seal, the Court has directed the Clerk of Court to temporarily limit viewing of the court's electronic docket to case participants only. The case will remain in this status for 30 days or until the Court rules on any motion to proceed under seal that Plaintiff files.

D.     **Motion for preliminary injunctive relief**

Because Plaintiff has not provided an address at which Defendant may be served with his motion, the Court declines, at this time, to make a ruling as to Plaintiff's request for preliminary injunctive relief. If Plaintiff believes that his safety is at immediate risk, he may wish to contact the appropriate law enforcement agencies.

## CONCLUSION

The Court directs Plaintiff, within 30 days of the date of this order, to: (1) provide the Court with a current address at which Defendant may be served; and (2) file a complaint in this action.

If Plaintiff fails to comply with this order within the time allowed, or fails to seek an extension of time to comply, the Court will dismiss the action without prejudice to refiling.

A flyer for the City Bar Justice Center's Federal Pro Se Legal Assistance Project is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 1, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                             Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.
- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court