UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN CRAIG VAN ARSDOL,

               Plaintiff,

-against-

ANDRE PIERRE CHARLES,

               Defendant.

25-CV-5366 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Longwood, Florida, brings this *pro se* action under the court's federal question and diversity of citizenship jurisdiction, alleging that Defendant violated his rights. He sues Andre Charles, who is a resident of Brooklyn, New York.[1] By order dated June 30, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff initiated this action by filing a motion for a preliminary injunction and temporary restraining order. (ECF 1.) He did not file a complaint, and he did not provide a service address for Defendant. By order dated July 1, 2025, the Court directed Plaintiff to provide a current address at which Defendant may be served and to file a complaint. (ECF 8.) By order dated July 24, 2025, the Court granted Plaintiff's request for an extension of time to comply with the order. Plaintiff filed a complaint that includes a Brooklyn, New York address for Defendant on August 8, 2025.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant violated his rights by making defamatory and threatening posts on social media. Plaintiff alleges that Defendant resides in Brooklyn, New York. Brooklyn is in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because Plaintiff alleges no facts suggesting that the events giving rise to his claims occurred in this District or that Defendant resides in this District, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendant resides in Brooklyn, New York, which is the Eastern District of New York. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(1), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Because Plaintiff seeks preliminary injunctive relief, the Court directs the Clerk of Court to disregard the seven-day waiting period in which to effectuate

---

[2] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

the transfer of this action, as articulated in Local Civil Rule 83.1, and to effectuate the transfer of this action immediately.

Decisions regarding Plaintiff's motion for preliminary injunctive relief and his motion to proceed under seal are left to the transferee court. A summons shall not issue from this court. This order closes this case in this court. The Clerk of Court is directing to terminate all pending motions.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 8, 2025
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                         LAURA TAYLOR SWAIN
                                                       Chief United States District Judge